ORIG

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP 22 AM 10: 18

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FRED RUNYON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-144 |
| | ) | |
| CHIEF TOOLE and | ) | |
| INVESTIGATOR MICHAEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Phillips State Prison in Buford, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff failed to submit the $250.00 filing fee or to submit a motion to proceed *in forma pauperis* ("IFP"). Despite the filing deficiency, this case was opened in Plaintiff's name.[1] As Plaintiff has numerous other cases pending before this Court in which he has moved to proceed IFP, the Court presumes that also he intended to move for IFP status in this case.[2]

---

[1] According to Loc. R. 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP").

[2] Of course, should Plaintiff instead desire to pay the $250.00 filing fee, he may do so, and the Court would then re-visit its analysis contained herein concerning Plaintiff's inability to proceed with this case as an IFP litigant.

After a review of Plaintiff's complaint and prior history of case filings, and for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff be **DENIED** permission to proceed IFP and that this action be **DISMISSED** without prejudice.

## I. Dishonesty in Complaint

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal

---

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, Compl. form, pp. 1-3). Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the same facts in this action, Plaintiff checked "no." (Id. at 1). Under the question which asked whether Plaintiff has brought any lawsuits in federal court dealing with facts other than those involved in this action, Plaintiff failed to make any demarcation. (Id. at 2). Likewise, Plaintiff failed to make any demarcation under the question that inquired whether any prior IFP federal lawsuits had been dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Id. at 3). Plaintiff's responses were made under penalty of perjury. (Id. at 6).

However, the Court is aware of at least seventeen cases filed by Plaintiff in other federal courts that deal in some form or fashion - as does Plaintiff's current case - with Plaintiff's allegations of irregularities in his underlying criminal proceedings and his desire to be released from prison: (1) Runyon v. Doe, 1:2005-cv-01543 (N.D. Ga. June 13, 2005); (2) Runyon v. Little, 1:2005-cv-01544 (N.D. Ga. June 13, 2005); (3) Runyon v. Gregory, 1:2005-cv-01545 (N.D. Ga. June 13, 2005); (4) Runyon v. Barnes, 1:2005-cv-01546 (N.D. Ga. June 13, 2005); (5) Runyon v. Michael, 1:2005-cv-01547 (N.D. Ga. June 13, 2005); (6) Runyon v. Doe, 1:2005-cv-01548 (N.D. Ga. June 13, 2005); (7) Runyon v. Pressley, 1:2005-cv-01840 (N.D. Ga. July 13, 2005); (8) Runyon v. Presley, 1:2005-cv-01841 (N.D. Ga. July 13, 2005); (9) Runyon v. Craig, 1:2005-cv-01842 (N.D. Ga. July 13, 2005); (10) Runyon v. Toole, 1:2005-cv-01843 (N.D. Ga. July 13, 2005); (11) Runyon v. Barnes, 1:2005-cv-01844

(N.D. Ga. July 13, 2005); (12) Runyon v. Public Defendant Office of Richmond County, 1:2005-cv-00120 (S.D. Ga. Aug. 2, 2005); (13) Runyon v. Pressley, 1:2005-cv-00121 (S.D. Ga. Aug. 5, 2005); (14) Runyon v. Strength, 1:2005-cv-00137 (S.D. Ga. Aug. 22, 2005); (15) Runyon v. Pressley, 1:2005-cv-00143 (S.D. Ga. Aug. 26, 2005); (16) Runyon v. Little, 1:2005-cv-00142 (S.D. Ga. Aug. 26, 2005); and (17) Runyon v. Doe, 1:2005-cv-00145 (S.D. Ga. Aug. 26, 2005). Thus, Plaintiff clearly lied about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[4]

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff be **DENIED** permission to proceed IFP and that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process. See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right." Id.).

---

[4]The practice of dismissing a case as a sanction for lying in a complaint has also been previously utilized in the Southern District. See Shaw v. Smith, 6:2003-cv-00066 (S.D. Ga. May 30, 2003).

4

## II. Accumulation of Three Strikes

Even if Plaintiff had not lied to the Court about his prior filing history, he still would not be entitled to proceed IFP in this case because he has already accumulated three "strikes" under 28 U.S.C. § 1915(g). A review of Plaintiff's filing history in the Northern District reveals that the Honorable Richard W. Story, United States District Judge, screened and dismissed six of Plaintiff's IFP complaints under 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. See Runyon v. Pressley, 1:2005-cv-01840; Runyon v. Presley, 1:2005-cv-01841; Runyon v. Craig, 1:2005-cv-01842; Runyon v. Toole, 1:2005-cv-01843; Runyon v. Barnes, 1:2005-cv-01844; and Runyon v. Amideo, 1:2005-cv-01845 (N.D. Ga. July 13, 2005).

Thus, it is clear that based on Judge Story's rulings as noted above, Plaintiff has accumulated at least three "strikes" under § 1915(g). Therefore, he cannot proceed IFP in the present § 1983 case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff states that he is suing these two Defendants "for improper arrest, never had a search warrant and also for illegal seizure because they had no evidence and also it was based on a Hear Say. They also had no warrant to give to me or even read a warrant to me." (Compl., p. 5). Thus, Plaintiff's current allegations concern events that happened prior to his current incarceration at Phillips

State Prison, and certainly not at the time he filed his current complaint in August of 2005.[5] Therefore, he has not alleged facts showing that he was in "imminent danger" at the time he filed his complaint. Accordingly, Plaintiff should not be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

**III. Conclusion**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff be **DENIED** permission to proceed IFP and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to attempt to proceed with any civil rights claims raised

---

[5] In fact, as this Court explained in its August 30, 2005 Report and Recommendation in Runyon v. Public Defendant Office of Richmond County, 1:2005-cv-00120, doc. no. 1, the Supreme Court has held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. See Heck, 512 U.S. at 483; see also Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Therefore, Plaintiff's requests for "immediate release" from his confinement belong in a habeas corpus petition, not a § 1983 complaint. Moreover, as Plaintiff's conviction has not been invalidated, his § 1983 claims against those involved in his prosecution are, at best, premature.

in this lawsuit, he should be required to submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this __ day of September, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE